**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

KENNETH PARKS and WILLIAM SEYMOUR, On
Behalf Of Themselves And All Others Similarly Situated,

Plaintiffs,

v.

FAIRFAX FINANCIAL HOLDINGS LTD., *et al.*

Defendants.

Master File No. 06-CV-2820 (GBD)

ECF Case

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO ALTER OR
AMEND THE JUDGMENT DATED MARCH 30, 2010 DISMISSING THE ENTIRE
CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

Jay W. Eisenhofer
Geoffrey C. Jarvis
Charles T. Caliendo
**GRANT & EISENHOFER P.A.**
485 Lexington Ave., 29th Floor
New York, New York 10017
Tel: (646) 722-8500
Fax: (646) 722-8501


**Lead Counsel and Proposed New
Co-Lead Counsel for the Class**

Christopher J. Keller
Eric J. Belfi
Javier Bleichmar
Stefanie J. Sundel
**LABATON SUCHAROW LLP**
140 Broadway, 34th Floor
New York, New York 10005
Tel: (212) 907-0853
Fax: (212) 883-7077

**Proposed New Co-Lead
Counsel for the Class**

Samuel H. Rudman
David A. Rosenfeld
Mario Alba, Jr.
**ROBBINS GELLER
RUDMAN & DOWD LLP**
58 South Service Road, Ste. 200
Melville, New York 11747
Tel: (631) 367-7100
Fax: (631) 367-1173

**Proposed New Co-Lead
Counsel for the Class**

## TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT ............................................................................................1

PROCEDURAL HISTORY..................................................................................................3

ARGUMENT ......................................................................................................................5

      I.     THE APPLICABLE LEGAL STANDARDS ON A MOTION TO ALTER
           OR AMEND A JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e)...................5

      II.    THE COURT SHOULD ALTER OR AMEND THE JUDGMENT TO
           REINSTATE THE CLAIMS OF U.S. INVESTORS AND APPOINT A
           LEAD PLAINTIFF ...............................................................................................5

           A.     There Were No Grounds To Dismiss The Claims Of U.S Investors ..........5

           B.     It Was Procedurally Improper To Grant Defendants' Motion To
                 Dismiss With No PSLRA-Mandated Lead Plaintiff In Place ...................10

CONCLUSION....................................................................................................................12

# TABLE OF AUTHORITIES

Page(s)

CASES

*Bersch v. Drexel Firestone, Inc.*,
    519 F.2d 974 (2d Cir. 1975)..................................................................................8

*Chau v. Intrepid Potash, Inc.*,
    No. 09-cv-3201, 2009 WL 902408 (D. Colo. Apr. 1, 2009) ..................................10

*City of Edinburgh Council v. Vodafone Group Pub. Ltd. Co.*,
    No. 07-cv-9921, 2009 WL 980304 (S.D.N.Y. Apr. 9, 2009) ..............................8, 9

*Eisemann v. Greene*,
    204 F.3d 393 (2d Cir. 2000)..................................................................................5

*Euro Trade & Forfaiting, Inc. v. Vowell*,
    00-cv-8431(LAP), 2002 WL 500672 (S.D.N.Y. Mar. 29, 2002) .........................8, 9

*In re Bank of Am. Corp. Auction Rate Sec. (ARS) Mktg. Litig.*,
    No. 08-cv-2599, 2009 WL 2031764 (N.D. Cal. July 9, 2009) ..............................10

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001) ,*aff'd*, 404 F.3d 173 (3d Cir. 2005) .........................10

*In re Impax Labs., Inc. Sec. Litig.*,
    No. 04-cv-04802, 2008 WL 1766943 (N.D. Cal. Apr. 17, 2008)..........................10

*In re Initial Pub. Offering Sec. Litig.*,
    214 F.R.D. 117 (S.D.N.Y. 2002) .........................................................................10

*In re Initial Pub. Offering Sec. Litig.*,
    224 F.R.D. 550 (S.D.N.Y. 2004) .........................................................................10

*In re McDermott Int'l Inc., Sec. Litig.*,
    No. 08-cv-9943, 2009 WL 579502 (S.D.N.Y. Mar. 6, 2009)...............................10

*In re SCOR Holding (Switz.) AG Litig.*,
    537 F. Supp. 2d 556 (S.D.N.Y. 2008).....................................................................8

*McCarthy v. Manson*,
    714 F.2d 234 (2d Cir. 1983)..................................................................................5

*Morrison v. Nat'l Austl. Bank, Ltd.*,
    547 F.3d 167 (2d Cir. 2008)..................................................................................6

*Munafo v. Metro. Transp. Auth.*,
    381 F.3d 99 (2d Cir. 2004)........................................................................................5

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*,
    229 F.R.D. 395 (S.D.N.Y. 2004) ...........................................................................11

*Schoenbaum v. Firstbrook*,
    405 F.2d 200 (2d Cir. 1968), *rev'd with respect to holding on merits*, 405 F.2d 215
    (2d Cir. 1968) (*en banc*), *cert. denied sub nom. Manley v. Schoenbaum*, 395 U.S. 906
    (1969)........................................................................................................................7

*S.E.C.  v. Banner Fund Int'l*,
    211 F.3d 602 (D.C. Cir. 2000) ................................................................................8

*Shrader v. CSX Transp., Inc.*,
    70 F.3d 255 (2d Cir. 1995)......................................................................................5

**STATUTES**

15 U.S.C. § 78u-4(a)(3)(B)(i) .........................................................................................10

**RULES**

Fed. R. Civ. P. 12(b)(1)...........................................................................................*passim*

Fed. R. Civ. P. 23...........................................................................................................11

Fed. R. Civ. P. 59(e) ...............................................................................................*passim*

Pursuant to Fed. R. Civ. P. 59(e), CI Funds,[1] the withdrawn Lead Plaintiff in this action, together with the proposed replacement Lead Plaintiffs, Ontario Provincial Council of Carpenters Pension Trust Fund ("OPCC") and Plumbers, Pipefitters & MES Local Union No. 392 Pension Fund ("Local Union 392" and collectively with CI Funds and OPCC, "Plaintiffs"), respectfully submit this memorandum of law in support of their motion to alter or amend the judgment dated March 30, 2010 (the "Judgment"), which granted Defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and dismissed the entire case for lack of subject matter jurisdiction.[2]

## PRELIMINARY STATEMENT

In a Memorandum Decision and Order dated March 29, 2010 (Dkt. No. 88), the Court issued its opinion (the "Opinion") dismissing this class action under the federal securities laws for lack of subject matter jurisdiction. The Court concluded that it lacked subject matter jurisdiction because the claims were asserted by a foreign purchaser (CI Funds) of the securities of a foreign issuer (Fairfax) on a foreign stock exchange (the TSE). (Opinion at 6.)

Plaintiffs move pursuant to Fed. R. Civ. P. 59(e) to alter or amend the Judgment because, respectfully, the Court overlooked that it had earlier granted foreign-plaintiff CI Funds' motion to withdraw as Lead Plaintiff on November 2, 2009. (Dkt. No. 72). Thus, a foreign purchaser on a foreign exchange (i.e., the CI Funds) was not the operative lead plaintiff at the time of the Court's March 29, 2010 decision, and it was a mistake for the Court to dismiss the entire action on that basis.

---

[1] The former lead plaintiffs, referred to herein as "CI Funds," are: CI Canadian Small/Mid Cap Fund; CI Canadian Asset Allocation Fund; CI Canadian Investment Fund; CI Canadian Investment Corporate Class; Synergy Canadian Style Management Corporate Class; Synergy Tactical Asset Allocation Fund; Skylon High Yield Trust; High Yield & Mortgage Plus Fund; DDJ High Yield Fund; and DDJ U.S. High Yield Trust.

[2] Defendants are Fairfax Financial Holdings Limited ("Fairfax"), a Canadian company with securities listed on both the Toronto Stock Exchange ("TSE") and **New York Stock Exchange** ("NYSE"), OdysseyRe Holdings

The Court further overlooked that:  (a) in the same November 2, 2009 order granting CI Funds' motion to withdraw, it ordered that new lead plaintiff applications be filed by early January 2010; (b) OPCC and Local Union 392 filed timely lead plaintiff applications that were pending at the time of the Court's March 29, 2010 decision; and (c) the Private Securities Litigation Reform Act of 1995 ("PSLRA") requires that the Court appoint a lead plaintiff in a federal securities class action such as this one.  Thus, the Court should have appointed OPCC and Local Union 392, **a U.S. investor** who purchased Fairfax securities on the NYSE, as lead plaintiffs prior to rendering its decision dismissing the *entire* action for lack of subject matter jurisdiction.  Had the Court done what the PSLRA requires, it would have been even more clear that dismissing the *entire* case based on CI Funds' status as a foreign purchaser for lack of subject matter jurisdiction was a mistake.  No federal securities case has ever been dismissed for lack of subject matter jurisdiction where the claims are asserted by a U.S. investor who purchased shares on a U.S. exchange, as Local Union 392 did here.  Moreover, the Court mistakenly concluded that the Amended Complaint did not assert claims on behalf of U.S. investors.  Both the Amended Complaint (which was filed when CI Funds was the operative lead plaintiff) and briefing on Defendants' Rule 12(b)(1) motions make clear that U.S. investors comprise more than 40% of the putative Class in this action.  Thus, the claims of U.S. investors should not have been dismissed for lack of subject matter jurisdiction.

Accordingly, Plaintiffs respectfully request that the Court:  (a) amend the Judgment dismissing the entire action for lack of subject matter jurisdiction to reflect that:  (i) only the claims of foreign purchasers of Fairfax securities on foreign exchanges are dismissed for lack of

---

Corporation, ("OdysseyRe"), PricewaterhouseCoopers LLP and certain Fairfax and/or OdysseyRe directors and officers.

subject matter jurisdiction; and (ii) the claims of U.S. residents who purchased Fairfax securities on U.S. or foreign exchanges are reinstated; and (b) direct the Clerk of the Court to reopen this case. Since a lead plaintiff is required in a PSLRA litigation, Plaintiffs further request that the Court amend the Judgment by acting on the previously-filed lead plaintiff applications and appointing OPCC and Local Union 392 as Co-Lead Plaintiffs and Grant & Eisenhofer P.A. ("G&E"), Labaton Sucharow LLP ("Labaton Sucharow"), and Robbins, Geller, Rudman & Dowd, LLP ("Robbins Geller," formerly Coughlin Stoia Geller Rudman & Robbins LLP) as Co-Lead Counsel.

## PROCEDURAL HISTORY

On August 28, 2006, the Court appointed CI Funds as Lead Plaintiff in this action pursuant to the PSLRA. (Dkt No. 19.) CI Funds is a Canadian entity that purchased Fairfax securities on the TSE. (Opinion at 6.) Defendants filed motions to, among other things, dismiss the case pursuant to Rule 12(b)(1) for an alleged lack of subject matter jurisdiction. (Dkt. Nos. 36-41, 44-47, 49-51.)

On October 23, 2009, while the motions to dismiss were pending, CI Funds moved to withdraw as Lead Plaintiff. (Dkt. No. 69.) On November 2, 2009, the Court granted the motion and issued an order giving investors 60 days to move for appointment of a new lead plaintiff. (Dkt. No. 72.) On January 4, 2010, motions were timely filed by lead plaintiff movants OPCC and Local Union 392. (Dkt. Nos. 75-77 and 78-80, respectively.) Local Union 392 is a U.S. resident and purchased shares of Defendant Fairfax on the NYSE (*see* Dkt. Nos. 78-80), like thousands of similarly-situated members of the putative Class. Indeed, the Amended Complaint in this action (Dkt. No. 24) states that "Fairfax's common stock is listed on the Toronto Stock Exchange under the symbol 'FFH.SV' and the New York Stock Exchange under the symbol

'FFH' (¶21),[3] and the Class is defined to include "all persons" who "purchased and/or acquired Fairfax securities." (¶68.)

The lead plaintiff movants subsequently entered into a Stipulation and [Proposed] Order Regarding Appointment of Co-Lead Plaintiffs and Approval of Selection of Co-Lead Counsel, subject to Court approval (the "Lead Plaintiff Stipulation"). Pursuant to the Lead Plaintiff Stipulation, movants OPCC and Local Union 392 would be appointed Co-Lead Plaintiffs for the Class and their choice of counsel would be approved as Co-Lead Counsel.[4] The Lead Plaintiff Stipulation was submitted to the Court on January 21, 2010, and was followed by Defendants' opposition to the lead plaintiff motions, a reply thereto (*see* Dkt. Nos. 82, 87), and certain letter briefing by the parties.

The lead plaintiff motions were pending at the time of the Court's decision dismissing the entire case for lack of subject matter jurisdiction. The Opinion does not mention that: (a) the Court granted CI Funds' motion to withdraw as Lead Plaintiff; (b) the Court ordered that new lead plaintiff motions be filed so that a replacement lead plaintiff could be appointed; or (c) timely lead plaintiff motions, including the one by U.S. purchaser Local Union 392, had been filed. The Court's dismissal was without prejudice. (Opinion at 2 ("Lead Plaintiff's complaint is dismissed in its entirety without prejudice."))

---

[3]     "¶ __" refers to the Amended Complaint.

[4]     Labaton Sucharow, G&E and Robbins Geller are the proposed Co-Lead Counsel in the proposed Lead Plaintiff Stipulation. G&E, the original counsel to CI Funds, is currently Lead Counsel for the putative Class, and pursuant to the proposed Lead Plaintiff Stipulation, G&E will remain as Co-Lead Counsel for the putative Class.

## ARGUMENT

### I.    THE APPLICABLE LEGAL STANDARDS ON A MOTION  TO ALTER OR AMEND A JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e)

A motion to amend or alter a judgment is governed by Fed. R. Civ. P.  59(e).[5] Under settled case law in this Circuit, a motion to amend a judgment under Rule 59(e) should be granted where "a [moving] party '… demonstrate[s] that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.'" *Eisemann v. Greene*, 204 F.3d 393, 395 n.2 (2d Cir. 2000) (quoting *Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 151 (S.D.N.Y. 1999)).  *See also Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) ("[D]istrict courts may alter or amend a judgment 'to correct a clear error of law or prevent manifest injustice.'")(citations omitted); *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (courts should grant a motion to alter or amend a judgment where "the moving party … point[s] to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.").

### II.    THE COURT SHOULD ALTER OR AMEND THE JUDGMENT TO REINSTATE THE CLAIMS OF U.S. INVESTORS AND APPOINT A LEAD PLAINTIFF

#### A.    There Were No Grounds To Dismiss The Claims Of U.S Investors

Plaintiffs respectfully submit that it was error for the Court to dismiss the entire case for lack of subject matter jurisdiction based on the withdrawn Lead Plaintiff's status as a foreign purchaser of foreign securities on a foreign exchange.  Respectfully, the Court overlooked the fact that at the time of the Opinion, the Court had already granted the CI Funds' motion to

---

[5]    In its entirety, Fed. R. Civ. P. 59(e) states that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Plaintiffs timely filed this motion because it was filed within 28 days from March 30, 2010, the date on which the Court entered the Judgment.  (*See* Dkt. No. 89)  Whether to grant a motion to alter or amend pursuant to Fed. R. Civ. P. 59(e) is within the discretion of the district court.  *See McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983).

withdraw as Lead Plaintiff and, therefore, the CI Funds were not the operative lead plaintiff in the case. Thus, at the time of the Court's decision, the operative lead plaintiff in the case was not a foreign purchaser of foreign securities on a foreign exchange, and it was a mistake for the Court to dismiss the entire action on that basis, pursuant to the Second Circuit's decision in *Morrison v. National Australia Bank, Ltd.*, 547 F.3d 167 (2d Cir. 2008).[6]

Significantly, the Court did not address key allegations in the Amended Complaint and other facts establishing that claims were brought, in large part, on behalf of U.S. investors. The Court stated that "Lead Plaintiff does not allege that any of the securities were purchased on the New York Stock Exchange." (Opinion at 5 n.5, quoting ¶63); *see also* Opinion at 10-11 ("Since Lead Plaintiff fails to allege that any shares were bought or sold by investors on the New York Stock Exchange. [sic] This case involves foreign purchasers who acquired securities in a foreign exchange."). Respectfully, the Court's statements fail to credit several key allegations in the Amended Complaint that make it clear that U.S. investors comprised a substantial part of the putative Class.[7] More importantly, the Amended Complaint defines the Class to include "all persons" who "purchased and/or acquired Fairfax securities" (¶68) and unequivocally states that the Court "has subject matter jurisdiction over the claims of **domestic** and foreign members of the class." (¶54) (emphasis added); *see also id.* ("this Court may properly exercise subject

---

[6]        Indeed, as pointed out to the Court in prior briefing (*see* Dkt. No. 87 at 5-7), the appeal of *Morrison* to the United States Supreme Court has raised substantial question as to whether the "foreign purchasers" issue should even be treated as one of subject matter jurisdiction. *See* Brief for the U.S. as Amicus Curiae at 9, Morrison v. Nat'l Australia Bank, No. 08-cv-1191 (Oct. 27, 2009) ("[U]nder the plain terms of Section [27 of the Securities Exchange Act of 1934], the geography of an alleged fraudulent scheme – *i.e.*, whether it was conceived and executed in whole or in part outside the United States – is irrelevant to the district court's subject matter jurisdiction.") (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006) ("when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.")).

[7]        For example, the Amended Complaint states that "Fairfax's common stock is listed on the [TSE] under the symbol 'FFH.SV' and the [NYSE] under the symbol 'FFH.'" (¶21.)

matter jurisdiction over the claims for Fairfax securities traded in and/or purchased in **both** the U.S. and Canadian markets.") (emphasis added)). Of particular significance, the Amended Complaint specifically addresses loss in share values that resulted from stock price drops that occurred on the NYSE in U.S. dollars, rather than on the TSE in Canadian dollars. (¶¶555-70.) In other words, the Amended Complaint specifically alleges that U.S. investors who purchased common stock on the NYSE are members of the putative Class and suffered losses as a result of the alleged fraud.

Moreover, in a brief opposing Defendants' Rule 12(b)(1) motions, it was made clear that a significant portion of the putative class is composed of U.S. investors who purchased Fairfax shares on the NYSE.[8] The Brief and attached Declaration specifically provided information that more than 40% of the putative Class in this case are U.S. investors and that **Fairfax's average daily NYSE-trading volume during the relevant time was more than twice that on the TSE**. (*See* Dkt. No. 58 at 3, 7, 23.) Therefore, the Court's finding that none of the claims here were asserted by U.S. purchasers on U.S. exchanges was a mistake.

Plaintiffs are not aware of a single decision to ever hold that a U.S. purchaser on a U.S. exchange cannot bring claims pursuant to the federal securities laws, as Local Union 392 did here. Quite the contrary, from the inception of the "conduct" and "effects" tests for subject matter jurisdiction, courts have made it absolutely clear that the district courts have jurisdiction to hear the claims of injured U.S. investors. *See, e.g.*, *Schoenbaum v. Firstbrook*, 405 F.2d 200, 208 (2d Cir. 1968), *rev'd with respect to holding on merits*, 405 F.2d 215 (2d Cir. 1968) (*en banc*), *cert. denied sub nom. Manley v. Schoenbaum*, 395 U.S. 906 (1969) (finding that district

---

[8] As the Court acknowledged in the Opinion, "[a] district court may consider evidence outside the pleadings in resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1)." Opinion at 4 (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

courts have "subject matter jurisdiction over violations of the Securities Exchange Act although the transactions which are alleged to violate the Act take place outside the United States, at least when the transactions involve stock registered and listed on a national securities exchange, and are detrimental to the interests of American investors."); *Bersch v. Drexel Firestone, Inc.*, 519 F.2d 974, 989 (2d Cir. 1975) ("the anti-fraud provisions of the federal securities laws: (1) [a]pply to losses from sales of securities to Americans resident in the United States whether or not acts (or culpable failures to act) of material importance occurred in this country"); *S.E.C. v. Banner Fund Int'l*, 211 F.3d 602, 609 (D.C. Cir. 2000) ("when a resident of the United States is allegedly defrauded in the United States in connection with the sale of securities, the courts of the United States have jurisdiction under the 1934 Act."); *In re SCOR Holding (Switz.) AG Litig.*, 537 F. Supp. 2d 556, 561 (S.D.N.Y. 2008) (finding jurisdiction over claims of U.S. residents that purchased Swiss Company's stock on U.S. and foreign exchanges).  Here, the effects on U.S. investors were unquestionably substantial given that more than 40% of the class is comprised of U.S. investors. *Cf. id.* at 561 n.6 ("The required effect on United States investors can be found even when there are only a 'relatively small number' of American investors." (quoting *Consol. Gold Fields PLC v. Minorco, S.A.,* 871 F.2d 252, 262 (2d Cir.1989))).[9]

Judge Castel's decision in *City of Edinburgh Council v. Vodafone Group Pub. Ltd. Co.*, No. 07-cv-9921, 2009 WL 980304 (S.D.N.Y. Apr. 9, 2009), dictates that the Court should amend

---

[9]    The critical case cited by the Court for the proposition that subject matter jurisdiction was lacking because no effects occurred in the United States is distinguishable.  (Dkt. No. 88 at 11.)  In *Euro Trade & Forfaiting, Inc. v. Vowell*, 00-cv-8431(LAP), 2002 WL 500672 (S.D.N.Y. Mar. 29, 2002), all of the plaintiffs were foreign and it was not a class action. *Id.* at *9.  Accordingly, the reference in *Euro Trade* to "unsuspecting investors and lenders," cited by the Court here, is a reference to third-parties – not plaintiffs or absent class members.  Plaintiffs in *Euro Trade* had argued that although plaintiffs were foreign, there had been an effect generally in the U.S. because *other* investors may have been defrauded – the "unsuspecting investors and lenders."  Here, instead, 40% of the absent class members are domestic.  Finding subject matter jurisdiction in the instant action is actually consistent with the recognition in *Euro Trade* that when absent class members are domestic, subject matter jurisdiction is appropriate.

the Judgment to make it clear that the claims of U.S. residents who purchased Fairfax securities on U.S. or foreign exchanges are not dismissed for lack of subject matter jurisdiction. In *Vodafone*, Judge Castel initially granted defendants' Rule 12(b)(1) motion for lack of subject matter jurisdiction where a foreign plaintiff purchased a foreign issuer's securities on a foreign exchange. Judge Castel subsequently recognized that he overlooked the existence of a U.S. purchaser that had been added as a plaintiff by stipulation. In subsequently denying the Rule 12(b)(1) motion as to U.S. purchasers and directing the Clerk of the Court to reopen the case, Judge Castel stated:

> This Court's ruling that it lacked subject matter jurisdiction over the entire action overlooked [the U.S. purchaser's] status as a plaintiff. A motion for reconsideration may be granted when the moving party points to a matter that was overlooked by the court, or if there is a need to correct a clear error. *See, e.g.*, *Dauphin v. Chestnut Ridge Transportation, Inc.*, 2008 WL 2796583, at *1 (S.D.N.Y. July 15, 2008). In this instance, reconsideration is warranted.

*Vodafone*, 2009 WL 980304, at *1.

The Court should do the same here. The Court should: (a) amend the Judgment dismissing the entire action for lack of subject matter jurisdiction to reflect that: (i) only the claims of foreign purchasers of Fairfax securities on foreign exchanges are dismissed for lack of subject matter jurisdiction; and (ii) the claims of U.S. residents who purchased Fairfax securities on U.S. or foreign exchanges are reinstated; and (b) direct the Clerk of the Court to reopen this case.

---

*Id.* (distinguishing case in which absent class members were domestic for the proposition that in that case, but not in *Euro Trade*, subject matter jurisdiction was proper).

**B.     It Was Procedurally Improper To Grant Defendants' Motion To Dismiss With No PSLRA-Mandated Lead Plaintiff In Place**

In addition to overlooking the withdrawal of CI Funds as Lead Plaintiff, the Court further overlooked that controlling law (i.e., the PSLRA) required that the Court timely appoint a lead plaintiff to represent the putative Class in this case.  *See In re McDermott Int'l Inc., Sec. Litig.*, No. 08-cv-9943, 2009 WL 579502, at *1 (S.D.N.Y. Mar. 6, 2009) (Chin, J.) ("The [PSLRA] requires the court to appoint a 'lead plaintiff' in private securities class actions.  15 U.S.C. § 78u-4(a)(3)(B)(i)."); *Chau v. Intrepid Potash, Inc.*, No. 09-cv-3201, 2009 WL 902408, at *2 (D. Colo. Apr. 1, 2009) ("The PSLRA requires that the Court consider lead plaintiff motions and appoint a lead plaintiff no later than 90 days after published notice of the case or, if any party seeks consolidation, then as soon as practicable after deciding the consolidation issue"); *see also In re Cendant Corp. Litig.*, 264 F.3d 201, 218 (3d Cir. 2001), *aff'd*, 404 F.3d 173 (3d Cir. 2005) ("Under the [PSLRA], one of a district court's first tasks is to select a lead plaintiff.").[10]  Here, the Court has not appointed a lead plaintiff, despite the fact that motions for appointment of a replacement lead plaintiff were timely filed in January 2010, and were pending at the time of the Court's subsequent decision in March, dismissing the entire case based on the foreign status of the withdrawn Lead Plaintiff.   The Court further overlooked that one of the lead plaintiff movants, Local Union 392, is a U.S. resident that indisputably purchased Fairfax securities on the NYSE.  *See* Certification, Dkt. No. 80-81.   Nowhere does the Opinion mention that in

---

[10]     Indeed, the whole purpose behind the PSLRA was to create an orderly process for establishing leadership of the putative plaintiff class.  *McDermott*, 2009 WL 579502, at *1. Thus, courts routinely appoint "replacement" lead plaintiffs to fulfill the PSLRA's requirement that a statutorily-authorized investor is in place as lead plaintiff. *See, e.g.*, *In re Initial Pub. Offering Sec. Litig.*, 224 F.R.D. 550 (S.D.N.Y. 2004) (allowing withdrawal of lead plaintiffs and substitution of new lead plaintiffs); *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117 (S.D.N.Y. 2002) (allowing substitution of lead plaintiffs); *In re Bank of Am. Corp. Auction Rate Sec. (ARS) Mktg. Litig.*, No. 08-cv-2599, 2009 WL 2031764 (N.D. Cal. July 9, 2009) (granting lead plaintiff's motion to withdraw and substitute another lead plaintiff); *In re Impax Labs., Inc. Sec. Litig.*, No. 04-cv-04802, 2008 WL 1766943 (N.D. Cal. Apr. 17, 2008) (granting leave to substitute new lead plaintiff).

addition to granting CI Funds' motion to withdraw, the Court ordered a new lead plaintiff appointment process or that replacement lead plaintiff applications, including one by a U.S. purchaser on a U.S. exchange, had been filed. It was procedurally improper for the Court to dismiss the case in the absence of a statutorily-required lead plaintiff. The Court should have "so ordered" the Lead Plaintiff Stipulation, which would have made a U.S. investor one of the operative lead plaintiffs,[11] and then dismissed the claims of foreign investors for lack of subject matter jurisdiction, while retaining jurisdiction over the claims of U.S. investors.

Since there is still not any lead plaintiff in this matter, in addition to amending the Judgment as stated earlier, Plaintiffs respectfully submit that the Court should further alter the Judgment to appoint OPCC and Local Union 392 as Co-Lead Plaintiffs and G&E, Labaton Sucharow and Robbins Geller as Co-Lead Counsel. Plaintiffs further respectfully suggest that the most judicially-efficient way to do so is by "so ordering" the Lead Plaintiff Stipulation. This will enable a duly-appointed Lead Plaintiff to pursue an appeal of the Opinion and Judgment, as to foreign investors on foreign exchanges, and/or take other appropriate action on behalf of the putative Class.

---

[11] The Lead Plaintiff Stipulation, along with the briefing the prospective lead plaintiffs submitted, establish that OPCC and Local Union 392: (a) timely filed motions for lead plaintiff appointment supported by the appropriate certifications; (b) have the largest known financial interest in the action; (c) preliminarily satisfy the typicality and adequacy requirements of Fed. R. Civ. P. 23; (d) have agreed to pool their resources to maximize the breadth of the putative Class's representation and believe that it is in the best interest of the Class to jointly litigate the case as Co-Lead Plaintiffs; and (e) have selected for their choice of Co-Lead Counsel three firms that are qualified to litigate complex class action litigation and which have agreed that their will be no duplication of efforts in this case. Thus, all the requirements for lead plaintiff appointment were satisfied. *See, e.g.*, *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395 (S.D.N.Y. 2004).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court amend the

Judgment as indicated herein and "so order" the Lead Plaintiff Stipulation.

Dated:  April 27, 2010

GRANT & EISENHOFER P.A.

s/ Geoffrey C. Jarvis
Jay W. Eisenhofer
Geoffrey C. Jarvis
Charles T. Caliendo
485 Lexington Ave., 29th Floor
New York, New York 10017
Tel: (646) 722-8500
Fax: (646) 722-8501

*Lead Counsel and Proposed New Co-Lead Counsel for the Class*

LABATON SUCHAROW LLP
Christopher J. Keller
Eric J. Belfi
Javier Bleichmar
Stefanie J. Sundel
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477

*Proposed New Co-Lead Counsel for the Class*

ROBBINS, GELLER, RUDMAN & DOWD, LLP
Samuel H. Rudman
David A. Rosenfeld
Mario Alba, Jr.
58 South Service Road, Suite 200
Melville, NY 11747
Tel: (631) 367-7100
Fax: (631) 367-1173

*Proposed New Co-Lead Counsel for the Class*