**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------ x
                                                  :

Kenneth Parks, *on behalf of himself and all others similarly situates*, William Seymour, *on behalf of himself and all other similarly situated*, CI Funds Group,  :

                        Plaintiffs,     :     DECISION AND ORDER

Gail Chellel and Richard S. Jaffe,    :     06 CV 2820 (GBD)

                  Consolidated Plaintiffs,    :

Fairfax Financial Holdings Limited, et al,    :

                  Defendants.    :

                                     :

------------------------------------ x

GEORGE B. DANIELS, United States District Judge:

On March 29, 2010, this Court granted Defendants' Motion to Dismiss Plaintiffs' Amended Complaint for lack of subject matter jurisdiction. The instant case presents what the Second Circuit has recognized as a "foreign-cubed" securities class action. See Morrison v. Nat'l Austl. Bank, Ltd., 547 F.3d 167, 172 (2d Cir. 2008). The named plaintiffs are foreign investors who purchased securities of a foreign company on a foreign exchange. While the complaint defines the class as "[p]urchasers and acquirers of Fairfax's securities," the complaint does not allege that any of the securities were actually purchased on the New York Stock Exchange (the "NYSE"). Nor were any U.S. investors named plaintiffs in the action. The

complaint merely states that "Fairfax's subordinate voting shares were traded in the United States on the NYSE throughout the [c]lass [p]eriod." See Compl. ¶ 63.

Based on the facts alleged in the Amended Complaint, this Court found that there was no subject matter jurisdiction based on either the conduct or effects tests. See Parks v. Fairfax Fin. Holding Ltd., 06 CV 2820 (GBD), 2010 U.S. Dist. LEXIS 33418 (S.D.N.Y. March 29, 2010). Under the conducts and effects tests, the Court asks: "(1) whether the wrongful conduct occurred in the United States, and (2) whether the wrongful conduct had a substantial effect in the United States or upon United States citizens." Morrison, 547 F.3d at 171 (citing SEC v. Berger, 322 F.3d 187, 192-93 (2d Cir. 2003).

On April 27, 2010 terminated Lead Plaintiff,[1] CI Funds, and two non-parties to the case – Ontario Provincial Council of Carpenters Pension Trust Fund and Plumbers, Pipefitters & MES Local Union No. 392 Pension Fund[2] – moved pursuant to Fed. R. Civ. P. 59(e) to alter or amend this Court's judgment dismissing the case for lack of subject matter jurisdiction. That motion is denied.

District courts may alter or amend judgment "to correct a clear error of law or prevent manifest injustice." Munafo v. Metro. Transp. Auth., 381 F.3d 99, 105 (2d Cir. 2004). In this case, amendment of this Court's Order is not warranted. The crux of movants' argument is that the putative class, as alleged, would include U.S. investors, some of whom may have purchased Fairfax shares on the NYSE. The same argument was raised in opposition to Defendants'

---

[1] On November 2, 2009, this Court granted Lead Plaintiff CI Fund's Motion to Withdraw as Lead Plaintiff.

[2] Although not named plaintiffs in the Amended Complaint, the non-party movants also sought to be appointed Lead Plaintiff.

Motion to Dismiss for lack subject matter.[3] Moreover, no U.S. investor was named as a plaintiff in the Amended Complaint. Nor were the non-party movants, who now seek to be appointed Lead Plaintiff, ever plaintiffs or parties to the action.

The movants also claim that the Court erred in its analysis because the CI Funds were terminated as Lead Plaintiff before the Court rendered its decision on the motions.[4] Although the CI Funds were terminated as Lead Plaintiff, the CI Funds, remained named parties in the action and were therefore relevant in the Court's jurisdictional analysis under both the conduct and effects test. See Sniado v. Bank Aus. AG, 174 F. Supp. 2d 159, 163 (S.D.N.Y. 2001), *aff'd after remand* 378 F.3d 210 (2d Cir. 2004) ("Until and unless a class is certified, the Court must treat this action as an individual action by plaintiff[s].") It is well settled law that "when a federal court lacks jurisdiction, the case must be stricken from the docket." McGinty v. New York, 251 F.3d 84, 100 (2d Cir. 2001). Furthermore, "[n]either the court by exercising its inherent equitable discretion, nor the parties by entering into a stipulation, can confer jurisdiction where none has been authorized." W.G. ex rel. D.G. v. Senatore, 18 F.3d 60, 64 (2d Cir. 1994).

Moreover, movants' argument that City of Edinburgh Council v. Vodafone Group Pub. Ltd., No, 07-cv-9921, 2009 WL 980304 (S.D.N.Y. Apr. 9, 2009), "dictates that this Court should

---

[3] In their opposition brief, Plaintiffs stated: "more than 40% of Fairfax's subordinate voting shares are held by U.S. investors and, during and after the Class Period, Fairfax's average daily NYSE trading volume was more than twice that on the Toronto Stock Exchange." Pl. Mem. of Law in Opp'n at 23.

[4] The movants also contend that this Court should have ruled upon non-parties' motion to be replaced as Lead Plaintiff prior to ruling on Defendants' Motion to Dismiss for lack of subject matter jurisdiction. First, "the PSLRA is entirely silent on the proper procedure for substituting a new lead plaintiff when the previously certified one withdraws." In re NYSE Specialists Sec. Litig., 240 F.R.D. 128, 133 (S.D.N.Y. 2007); see also In re Initial Pub. Offering Secs. Litig., 214 F.R.D. 117, 120-21 (S.D.N.Y. 2002). Furthermore, the movants have not cited any authority mandating that this Court rule upon the motions to serve as lead plaintiff before determining its jurisdiction over the parties and claims as alleged.

3

amend the Judgment" is unavailing. In Vodafone, Judge Castel amended his order dismissing a case for lack of subject matter jurisdiction, finding that he overlooked that a U.S. resident was added as a named plaintiff by stipulation. This Court has not overlooked any similar fact here since no such named plaintiff was added to the case prior to this Court's Order.

The motion pursuant to Fed. R. Civ. P. 59(e) to alter or amend this Court's judgment dismissing the case for lack of subject matter jurisdiction is denied.

Dated: New York, New York
      June 8, 2010

                                      SO ORDERED:

                                      *George B. Daniel* [signature]
                                      GEORGE B. DANIELS
                                      United States District Judge