MANDATE

10-2810-cv
Local Union No. 392 Pension Fund v. Fairfax Financial Holdings Ltd.

N.Y.S.D. Case #
06-cv-2820(GBD)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of May, two thousand eleven.

PRESENT:

    JOSÉ A. CABRANES,
    CHESTER J. STRAUB,
    REENA RAGGI,
            *Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 14, 2011

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

PLUMBERS, PIPEFITTERS & MES LOCAL UNION NO. 392
PENSION FUND,

          *Movant-Appellant*,

KENNETH PARKS, ON BEHALF OF HIMSELF AND ALL
OTHERS SIMILARLY SITUATED, WILLIAM SEYMOUR, ON
BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,
CI FUND GROUP, GAIL CHELLEL, RICHARD S. JAFFE,

          *Plaintiffs*,

v.                                                       No. 10-2810-cv

FAIRFAX FINANCIAL HOLDINGS LTD., V. PREM WATSA,
TREVOR AMBRIDGE, M. JANE WILLIAMSON, ANTHONY F.
GRIFFITHS, ROBBERT HARTOG, BRADLEY P. MARTIN,
ODYSSEY RE, GREG TAYLOR, BRANDON W. SWEITZER,
PRICEWATERHOUSECOOPERS, LLP, CHARTERED
ACCOUNTANTS, TORONTO, ONTARIO, CANADA,

          *Defendants-Appellees*,

MANDATE ISSUED ON 06/14/2011

BANC OF AMERICA SECURITIES LLC,

   *Defendant.*\*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


**FOR MOVANT-APPELLANT:**    DOUGLAS WILENS (Samuel H. Rudman, David A. Rosenfeld, Mario Alba, Jr., Robbins Geller Rudman & Dowd LLP, Melville, NY; Jay W. Eisenhofer, Geoffrey C. Jarvis, Charles T. Caliendo, Grant & Eisenhofer P.A., New York, NY; Jonathan M. Plasse, Javier Bleichmar, Labaton Sucharow LLP, New York, NY, *on the brief*).

**FOR DEFENDANTS-APPELLEES:**    BRIAN H. POLOVOY (Stephen J. Marzen, Wendy E. Ackerman, Jeffrey J. Resetarits, Shearman & Sterling LLP, New York, NY; Bruce E. Coolidge, Christopher Davies, Wilmer Cutler Pickering Hale & Dorr LLP, Washington, D.C., *on the brief*).


  Appeal from a judgment of the United States District Court for the Souther District of New York (George B. Daniels, *Judge*).

  **UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this appeal is **DISMISSED**.

  Non-party movant-appellant Plumbers, Pipefitters & MES Local Union No. 392 Pension Fund ("appellant"), a putative intervenor in this action, appeals from a March 30, 2010 judgment[1] of the District Court granting the motion to dismiss of defendants-appellees Fairfax Financial Holdings Ltd. et al. ("defendants") against plaintiffs CI Fund Group et al. ("plaintiffs") for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Appellant also purports to appeal the District Court's June 8, 2010 order denying appellant's motion to amend the March 30, 2010 judgment, and the District Court's June 29, 2010 order denying appellant's motion to intervene. The named plaintiffs in the case have declined to pursue an appeal.

  On appeal, appellant asserts that the District Court erred in dismissing plaintiffs' claims under Sections 11 and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k, 77o, and under Sections

---

  \* The Clerk of Court is directed to amend the official caption of this case to conform to the listing of the parties shown above.

  [1] The judgment was filed pursuant to a Memorandum Decision and Order dated March 29, 2010.

10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78t(a), because appellant was a U.S. plaintiff "ready, willing and able" to act as the lead plaintiff in the case, pursuant to the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(a)(3)(B). Appellant further argues that the District Court abused its discretion in denying its motion to intervene because appellant satisfied all of the requirements for an intervention as of right, pursuant to Federal Rule of Civil Procedure 24(a). We assume the parties' familiarity with the remaining facts and procedural history of the case.

(i)

Defendants argue that we are without jurisdiction to review the portion of appellant's appeal that challenges the District Court's June 29, 2010 order denying its motion to intervene. Specifically, defendants argue that appellant failed to file a notice of appeal from that order, and the deadline to file the notice of appeal has long since passed.

Ordinarily, a non-party to a case may appeal the denial of its own motion to intervene. *See Marino v. Ortiz*, 484 U.S. 301, 304 (1988); *accord Drywall Tapers & Pointers of Greater N.Y., Local Union 1974 v. Nastasi & Assocs. Inc.*, 488 F.3d 88, 95 (2d Cir. 2007). However, our independent review of the record confirms that appellant failed to file a notice of appeal reflecting its intention to appeal from the order denying its motion to intervene. Accordingly, we must dismiss that portion of the appeal for lack of jurisdiction. *See* Fed. R. App. P. 3(c)(1)(B) ("The notice of appeal must . . . designate the judgment, order, or part thereof being appealed . . . ."); *New Phone Co. v. City of New York*, 498 F.3d 127, 130 (2d Cir. 2007) ("[O]ur jurisdiction is limited by the wording of the notice. . . . [W]e do not have the authority to waive the jurisdictional requirements of [Rule 3(c)].").

(ii)

We turn now to the threshold question regarding appellant's other claims—that is, the question of whether, in the circumstances presented, appellant has standing to pursue its purported appeals. *See Friends of Gateway v. Slater*, 257 F.3d 74, 77-78 (2d Cir. 2001) ("[T]his Court must address any jurisdictional standing question first, before deciding a case on the merits."). We hold that it does not.

Appellant is a movant who (a) was never named as a party in the case, and (b) moved to intervene only *after* a final judgment had been entered. Generally speaking, "only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment." *Marino,* 484 U.S. at 304. Appellant argues that it fits within two exceptions to this rule: first, that a non-party "may appeal a judgment by which it is bound," *Official Comm. of Unsecured Creditors of Worldcom, Inc. v. SEC*, 467 F.3d 73, 77 (2d Cir. 2006); and second, that a non-party may appeal under certain circumstances in which

3

it maintains "an interest affected by the . . . judgment," *id.*[2]

We are not persuaded that appellant fits within either category. Appellant is not bound by the judgment below because the District Court's order of dismissal, by its express terms, dismisses a "foreign-cubed" putative class action, involving only foreign investors who allegedly purchased securities of a foreign company on a foreign stock exchange. *See* Memorandum Decision and Order, *Plumbers, Pipefitters & MES Local Union v. Fairfax Financial Holdings Ltd.,* No. 06-cv-2820, at *7 (March 29, 2010); *see also* Decision and Order, *Plumbers, Pipefitters & MES Local Union v. Fairfax Financial Holdings Ltd.,* No. 06-cv-2820, at *1 (June 8, 2010). Accordingly, pursuant to that order, the District Court did not dismiss or otherwise rule on the unasserted and unnamed claims of *domestic* putative class members, such as those of appellant. Indeed, defendants concede that appellant is not bound by the judgment of dismissal. *See* Defendants' Br. at 15.

Nor are appellant's "interests . . . affected by the judgment" such that they have standing to pursue this appeal. *Official Comm. of Unsecured Creditors of Worldcom, Inc.*, 467 F.3d at 77. This exception to the general rule—that only parties to a lawsuit have standing to pursue an appeal of an adverse judgment—provides standing only to certain non-parties who are not technically bound by a judgment, but whose legal rights are directly implicated by its entry. For example, in *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 313 F.3d 70, 81 (2d Cir. 2002), we recognized the standing of non-party Republic of Indonesia to appeal a judgment that allowed a party to garnish property allegedly owned by the Republic. In another example, *United States v. International Brotherhood of Teamsters*, 931 F.2d 177, 183-84 (2d Cir. 1991), we recognized the standing of certain non-party union affiliates whose practices were directly affected by an order approving a settlement between the government and the International Brotherhood of Teamsters.

Here, we are confronted with an entirely different situation. Appellant contends that the instant judgment might affect its ability to bring a separate action insofar as statute of limitations defenses may now preclude such a filing. Without in any way intimating a view on that question, we conclude that such an indirect effect, which results not from the judgment itself but from counsel's refusal or failure to file a new complaint, is insufficient to confer appellate standing. Appellant's disappointment and erroneous views regarding the effects of the judgment in the instant case simply do not confer it with standing to pursue this appeal.

---

[2] Appellant's contention that Fed. R. App. P. 3(c)(3) independently confers upon it standing to appeal is unconvincing because that provision confers no substantive rights. It simply creates formal standards governing the contents of notices of appeal. *See, e.g.*, Fed. R. App. P. 3 advisory committee's note, 1993 Amends. (stating amendment's purpose to clarify when "a notice of appeal that contains some indication of the appellants' identities but does not name the appellants is sufficiently specific"); *cf.* 28 U.S.C. § 2072(b) (precluding adoption of rules that "abridge, enlarge or modify any substantive right").

## CONCLUSION

We have considered all of appellant's arguments and find them to be without merit. For the reasons stated above, the appeal is **DISMISSED.**

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

5